UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>D. BAUGHMAN,<br><br>    Respondent. | No. 2:17-cv-00882 AC P<br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a habeas corpus petition (ECF No. 1) which, for the reasons identified below, appears to be untimely. Petitioner will be afforded an opportunity to show cause as to why this petition should not be recommended for dismissal with prejudice on the ground that it is untimely. Petitioner will also be directed to submit either the filing fee or an application to proceed in forma pauperis within thirty days of this order's entry.

**I.    Legal Standards**

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

1

**II.     Background**

The conviction underlying this petition occurred on June 4, 2003. ECF No. 1 at 1. Petitioner's direct appeal was completed when the California Supreme Court denied his petition for review on October 18, 2004. Id. at 2-3.

Petitioner filed a habeas petition with the Sacramento County Superior Court on January 11, 2006. Id. at 3. This petition was denied on May 1, 2006. Id. The court of appeals denied the petition on May 18, 2006. Id. at 4. Then, the California Supreme Court denied the petition on June 13, 2007. Id. at 4-5.[1]

In his current petition, petitioner argues that the state lacks the legal authority to use a "prohibited" conviction to enhance a subsequent sentence. Id. at 5. Petitioner notes that he pled guilty to robbery in 1996 as part of a plea bargain. Id. at 6. He now argues that this plea bargain was illegal. Id. Petitioner states that he is not challenging the 1996 conviction itself, but only the application of that conviction to enhance his later sentence in 2003. Id. at 7. He claims the use of this illegal conviction violates his due process rights. Id.

**III.    Analysis**

It is apparent from the face of the petition that it is untimely. A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. See 28 U.S.C. § 2244(d). The petition indicates that petitioner's conviction became final at the conclusion of direct review on October 18, 2004 – more than a decade ago. This petition was not filed until April 26, 2017. Petitioner states that his petition should be construed as timely because he is challenging an illegal, unauthorized sentence. There is no authority to support this proposition.

---

[1] Petitioner also indicates that he filed another state habeas petition in 2016, but this does not appear to have any bearing on the issue of timeliness. ECF No. 1 at 8.

All cognizable federal habeas petitions allege that the petitioner's custody violates the Constitution or other federal law. The limitations period would have no meaning if petitioners were able to circumvent it simply by claiming that they were subject to an illegal sentence.

The court will afford petitioner an opportunity to show cause and raise any other arguments he might have as to why his petition is timely before it recommends dismissal with prejudice.

**IV.     Conclusion**

It is HEREBY ORDERED that:

1.     Petitioner must submit either the filing fee or an application to proceed in forma pauperis within thirty days of this order's entry;

2.     Petitioner has thirty days from the date of this order's entry to show cause, in writing, why his petition should not be dismissed as untimely;

3.     The Clerk of the Court is directed to send petitioner the application to proceed in forma pauperis by a prisoner; and

4.     Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: June 28, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE