UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>D. BAUGHMAN,<br><br>    Respondent. | No. 2:17-cv-00882 AC P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a habeas corpus petition (ECF No. 1) which, after review, the court determined appeared untimely. ECF No. 3. Petitioner was afforded an opportunity to show cause, in writing, why the petition should not be dismissed on that basis. Id. He has filed a response addressing the petition's timeliness. ECF No. 4. The court, for the reasons stated below, finds that response unpersuasive. Accordingly, it recommends that the petition be dismissed.

**I.    Application to Proceed In Forma Pauperis**

Prior to addressing the petition, the court will grant petitioner's motion to proceed in forma pauperis. ECF No. 8. Examination of the petition and its attachments indicate that petitioner is unable to afford the costs of suit.

////

## II. Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

## III. Background

Petitioner was convicted of first degree murder on June 4, 2003. ECF No. 1 at 1. Petitioner's direct appeal was completed when the California Supreme Court denied his petition for review on October 18, 2004. Id. at 2-3.

Petitioner filed a habeas petition with the Sacramento County Superior Court on January 11, 2006. Id. at 3. This petition was denied on May 1, 2006. Id. The court of appeals denied a petition raising the same issues on May 18, 2006. Id. at 4. Then, the California Supreme Court denied a similar petition on June 13, 2007. Id. at 4-5.[1]

In his current petition, petitioner argues that the state lacks the legal authority to use a "prohibited" conviction to enhance a subsequent sentence. Id. at 5. Petitioner notes that he pled guilty to robbery in 1996 as part of a plea bargain. Id. at 6. He now argues that this plea bargain was illegal. Id. Petitioner states that he is not challenging the 1996 conviction itself, but only the application of that conviction to enhance his later sentence in 2003. Id. at 7. He claims the use of this 'illegal' conviction violates his due process rights. Id.

## IV. Analysis

Petitioner's response (ECF No. 4) does not convince the court that his petition should proceed. The response reiterates that petitioner's theory for habeas relief is that the continued use of a 1996 conviction, which he believes was illegally obtained, unconstitutionally precludes any opportunity for his early release under the recently enacted California Senate Bill 261 ("SB 261"). ECF No. 4 at 1. The petition itself acknowledges that petitioner's 1996 conviction was never

---

[1] Petitioner also indicates that he filed another state habeas petition in 2016, but this does not appear to have any bearing on the issue of timeliness. ECF No. 1 at 8.

reversed and professes an awareness that the conviction "is going to stand." ECF No. 1 at 9-10. Nevertheless, petitioner argues that the continuing legal validity of this conviction "does not negate the fact that it stands as an illegal sentence." Id. at 10. As noted above, he attempts to circumvent the insurmountable procedural hurdles to challenging the 1996 conviction by claiming that he is not challenging that conviction itself, only its continued use for the purposes of SB 261. ECF No. 4 at 1. Apart from its logical inconsistency, this argument fails for three separate reasons.

First, even if the state's exclusion of petitioner from the potential sentencing relief offered by SB 261 could be distinguished from the validity of the 1996 conviction, and even if such exclusion could plausibly be alleged to violate petitioner's rights, it cannot support federal habeas relief. If petitioner were entitled to consideration under SB 261, he would become *eligible* for parole, and entitled to a parole board hearing. See Cal. Pen. Code § 3051. He would not, however, necessarily secure an earlier release. The Ninth Circuit has held that if success on a prisoner's claims "would not necessarily lead to his immediate or earlier release from confinement," such claims do not fall within the "core of habeas corpus" and must therefore be dismissed for lack of jurisdiction. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). Under Nettles, this court lacks jurisdiction over the petition.

Second, petitioner's theory is foreclosed by the Supreme Court's decision in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001). In Lackawanna, the Supreme Court held that:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. 403-404 (internal citations omitted). The possible exceptions to this rule do not apply here. An exception to this bar arises if the prior conviction used to enhance the sentence was

3

obtained where there was a failure to appoint counsel in violation of the Sixth Amendment. Lackawanna, 532 U.S. at 405. Petitioner does not qualify for this exception because his response indicates that he had counsel when he was convicted in 1996. ECF No. 4 at 2 ("When I received the 1996 juvenile conviction I was informed by my attorney . . ."). The Supreme Court also noted that a second exception to Lackawanna might arise where a petitioner, through no fault of his own, was unable to challenge a prior conviction because channels for review were unavailable. 532 U.S. at 405. The Supreme Court has not explicitly confirmed the existence of this exception however, see Johnson v. United States, 544 U.S. 295, 303-04 n.4 (2005), and there is no indication that it would apply to petitioner's circumstances. A third possible exception arises where a petitioner obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Lackawanna, 532 U.S. at 405. There is no indication that petitioner has any recently uncovered evidence of his actual innocence. Indeed, his objections to the 1996 conviction are premised on the purported illegality of his plea agreement. ECF No. 1 at 6. Finally, the Ninth Circuit has held that an exception arises where a state court "without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it." Dubrin v. California, 720 F.3d 1095, 1099 (9th Cir. 2013). The record provides no indication that this circumstance applies.

Third, petitioner has not demonstrated the timeliness of the petition. His 2003 conviction became final on January 17, 2005,[2] ninety days after the California Supreme Court denied review on direct appeal. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Accordingly, the federal petition was due within one year of that date. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed a state habeas petition on January 11, 2006, with six days remaining in the limitations period. Assuming that this petition was "properly filed" and that petitioner is entitled to continuous statutory tolling until denial of habeas relief by the California Supreme Court on June 13, 2007, see § 2244(d)(2), the federal limitations period would have expired six days thereafter. The

---

[2] The ninety day period actually elapsed on January 16, 2005 – a Sunday on which petitioner could not have filed a petition for writ of certiorari. Therefore, the actual date the conviction became final was the following Monday. See Fed. R. Civ. Pro. 6(a)(1)(C).

federal petition was not filed for several years thereafter.

In response to the order to show cause, petitioner contends that the "factual predicate of this claim could not have been recognized through the exercise of due diligence prior to '2016' because it did not exist." ECF No. 4 at 2. This assertion suggests that the limitations period did not begin to run until enactment of SB 261. The governing statute provides for the limitations period to run from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). However, the term "factual predicate" in section 2244(d)(1)(D) does not encompass changes in law. See Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005). Section 2244(d)(1)(C) provides for the limitations period to run from the announcement of a new and retroactive legal right, but is limited by its terms to new federal rights announced by the United States Supreme Court. That court has never recognized a federal due process right, or any other federal right, to consideration for resentencing under SB 261. Accordingly, the federal statute of limitations does not provide for delayed commencement of the limitations period in this case.

Petitioner's circumstances are unfortunate and the court is not unsympathetic. Petitioner states that, absent consideration under SB 261, he will not be eligible for release until 2085 – at which time he would be 104 years old. ECF No. 4 at 1. Nevertheless, this court may only consider questions which are properly before it. It concludes that the instant petition does not present such questions.

**V.     Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Petitioner's application to proceed in forma pauperis (ECF No. 8) is GRANTED;

2.     Given that petitioner has not consented to magistrate judge jurisdiction, the Clerk of Court shall assign a district judge to rule on these findings and recommendations.

Further, it is RECOMMENDED that the petition for habeas corpus (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

5

after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c)(2).

DATED: August 23, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE